# In the United States Court of Federal Claims

DENISE PESINA *et al.*,

    *Plaintiffs,*

v.

THE UNITED STATES,

    *Defendant.*

No. 24-391
(Filed: April 15, 2024)

*Denise M. Pesina* and *Robert E. Crimo, III*, *pro se*, Highland Park, IL.

## OPINION AND ORDER

**LERNER**, *Judge*.

    Plaintiffs Denise M. Pesina and Robert E. Crimo, III, filed a pro se Complaint in this court on March 11, 2024, Dkt. No. 1 ("Compl."), and an Amended Complaint on April 8, 2024, Dkt. No. 13 ("Am. Compl."). They ask the court to intervene in Mr. Crimo's ongoing state criminal case in Illinois. Am. Compl. The Complaint seeks extensive injunctive relief and damages related to his prosecution. *Id*. But the Court of Federal Claims' jurisdiction is limited, and Plaintiffs' claims are entirely beyond its scope. As further explained below, Plaintiffs' Motions to Proceed In Forma Pauperis are **GRANTED**, their pending document submissions are **REJECTED**, their Complaint is **DISMISSED without prejudice** because this court lacks jurisdiction over their claims, and their Motion for Immediate Expedited Relief is **DENIED** as moot. *See* 28 U.S.C. § 1491.

**I.    Background**

    Plaintiffs request the court intercede in Mr. Crimo's criminal case in Illinois state court. Am. Compl. Plaintiffs claim that Mr. Crimo, who is incarcerated in pretrial detention at a county jail, is innocent. *Id*. They allege that Mr. Crimo has been physically assaulted and deprived of basic necessities in violation of his constitutional rights. *Id*. According to the Plaintiffs, these violations result from a conspiracy by jail staff, the prosecution, public defenders, the judge presiding over his criminal case, the United States Attorney, federal immigration authorities, various other local, state, and federal officials, as well as private citizens. *Id*. They also allege these actors are responsible for the crimes for which Mr. Crimo is being prosecuted. *Id*. Plaintiffs state that Mr. Crimo was employed by the Federal Government, and that the Government failed to protect him and is accountable for the negligent acts of its agencies. *Id*. Plaintiffs allege these conspirators are liable for criminal and civil offenses, including violating Mr. Crimo's civil rights, conspiracy, money laundering, fraud, violations of the Foreign Corrupt Practices Act ("FCPA"), and more. *Id*.

Plaintiffs seek the following relief: 1) immediate dismissal of Mr. Crimo's charges and his release from detention; 2) protective orders against the alleged conspirators; 3) damages for the violations of Mr. Crimo's rights and "profits" from the alleged conspiracy; and 4) the resignations and immediate arrest of officials named in the Complaint. *Id*. Plaintiffs contend there are three grounds for this relief: 1) the Tucker Act, 28 U.S.C. § 1491; 2) the "Whistleblower Protection Enforcement Act," seemingly a reference to the Whistleblower Protection Enhancement Act, 5 U.S.C. § 2302; and 3) 28 U.S.C. § 1442, the statute providing for removal from state court to federal court for lawsuits against federal officers. *Id*.

Both Plaintiffs request to proceed in forma pauperis ("IFP"). Pesina's Mot. for Leave to Proceed In Forma Pauperis, Dkt. No. 8; Crimo's Mot. for Leave to Proceed In Forma Pauperis, Dkt. No. 9. They also filed a "Motion for Immediate Expedited Relief," Dkt. No. 12, reiterating the claims in their Complaint. Additionally, Plaintiffs submitted hundreds of documents to the court via email, none of which were identified as a filing pursuant to a court rule or in response to a court order. They are thus defective and in violation of the court's rules. *See* Rules of the Court of Federal Claims ("RCFC") App'x E, ¶ 9(b)(ii)(B).

## II.     The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims.

Plaintiffs must establish subject matter jurisdiction in order for the Court of Federal Claims to hear their claims. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012). The Plaintiffs proceed pro se, and this court generally holds a pro se plaintiff's complaint to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, pro se plaintiffs must establish proper jurisdiction. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."). The court may examine on its own whether subject matter jurisdiction exists. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see* RCFC 12(h)(3). This court "must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3)." *Bishop v. United States*, 166 Fed. Cl. 742, 745 (2023).

The Court of Federal Claims "lacks the general . . . jurisdiction of the district courts." *Superior Waste Mgmt. LLC v. United States*, 169 Fed. Cl. 239, 256 (2024). Instead, it is "a court of limited jurisdiction." *Bishop*, 166 Fed. Cl. at 744. The Tucker Act grants this court jurisdiction over claims against the United States "based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained." *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022); 28 U.S.C. § 1491(a)(1). Thus, its jurisdiction is limited to only "certain claims for monetary relief against the United States," and this jurisdictional grant "does not create a right to relief itself." *Flores v. United States*, 165 Fed. Cl. 228, 232 (2023).

The Court of Federal Claims has no jurisdiction over Plaintiffs' claims because 1) criminal law issues are outside its jurisdiction; 2) the court lacks jurisdiction over actors other than the United States; 3) the court lacks jurisdiction over claims against the United States that sound in tort or are not money-mandating; and 4) Plaintiffs do not otherwise identify a money-mandating source of law for their claims.

2

First, the Court of Federal Claims has no jurisdiction over criminal matters. *Cooper v. United States*, 104 Fed. Cl. 306, 311 (2012). Thus, the court cannot hear challenges to Mr. Crimo's "criminal trial, . . . imprisonment . . . and the conduct of the government and its officers in connection with [his] prosecution." *Id*. at 312. The same is true for Plaintiffs' allegations insofar as they allege violations of criminal law, since "allegations of criminal conduct by officials must fail for lack of jurisdiction in this court and must be dismissed." *Whittington v. United States*, 166 Fed. Cl. 532, 543 (2023). Finally, even if Mr. Crimo's request to be released is liberally construed as a petition for a writ of habeas corpus, the Court of Federal Claims is without power to grant these writs. *Ledford v. United States*, 297 F.3d 1378, 1380–81 (Fed. Cir. 2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus.").

Second, the Court of Federal Claims only has jurisdiction over claims "against the United States." 28 U.S.C. 1491(a)(1). It cannot hear cases against states, state agencies, state officials, local officials, or private parties, meaning it has no jurisdiction over these parties named in the Complaint. *Allen v. United States*, 145 Fed. Cl. 390, 396 (2019); *Bishop*, 166 Fed. Cl. at 745. It also lacks jurisdiction over the individual federal officials named in the Complaint. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Finally, to the extent Plaintiffs' Complaint alleges civil rights violations against state and local officials under 42 U.S.C. § 1983 and §1985, these claims may be heard only in the United States district courts, not the Court of Federal Claims. *Tucker v. United States*, 142 Fed. Cl. 697, 712 (2019).

Third, even if Plaintiffs' allegations are construed as claims against the United States, they fail to establish jurisdiction because they do not derive from money-mandating sources of law. Claims of fraud, negligence, and failure to act are tort claims and are outside the Tucker Act's jurisdiction. *See, e.g.*, *Whittington,* 166 Fed. Cl. at 543 (finding claims that the United States "[n]eglect[ed] to [p]revent" plaintiffs' harms were tort claims outside the court's jurisdiction); *Doe v. United States*, 74 Fed. Cl. 794, 798 (2006) (finding Court of Federal Claims cannot hear tort claims against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government") (quoting 28 U.S.C. § 1346(b)(1)). Even if Plaintiffs' arrest, prosecution, and incarceration claims were construed to invoke the Fifth Amendment's Due Process Clause and the Fourth and Sixth Amendments, these provisions are not money-mandating and thus do not create jurisdiction. *See, e.g.*, *Tucker*, 142 Fed. Cl. at 713–714. Plaintiffs' invocation of the FCPA similarly does not establish jurisdiction. *See, e.g.*, *Taylor v. United States*, No. 23-1920C, 2024 WL 938716, at *1 (Fed. Cl. Mar. 4, 2024) (dismissing claims that included alleged FCPA violation for lack of jurisdiction).

Finally, Plaintiffs do not otherwise identify any money-mandating source of law to bring their Complaint within the Tucker Act's jurisdiction. 28 U.S.C. § 1491(a)(1); *see also Thompson v. United States*, No. 23-1933, 2024 WL 795181, at *4 (Fed. Cl. Feb. 26, 2024) (dismissing claims for failure to identify money-mandating sources of law). The Whistleblower Protection Act "is not money mandating as it 'in no manner mentions compensation or any right to recovery for damage sustained.'" *McGhee v. United States*, 155 Fed. Cl. 380, 386 (2021), *aff'd*, No. 2022-1082, 2022 WL 1023806 (Fed. Cir. Apr. 6, 2022) (quoting *Black v. United States*, 56 Fed.

Cl. 19, 23 (2003).  As a result, it cannot support jurisdiction.  Nor does the federal officer removal statute, 28 U.S.C. § 1442.  This statute allows removal only to the "district court of the United States for the district and division embracing the place wherein it is pending"—in Mr. Crimo's case, the Northern District of Illinois.  28 U.S.C. § 1442.  Accordingly, because Plaintiffs identify no basis for the court's jurisdiction over their claims, and at best "submitted [their] Complaint to the wrong court" for the claims they seek to bring, *Powell v. United States*, No. 06-92C, 2006 WL 5639894, at *1 (Fed. Cl. Feb. 9, 2006), their Complaint must be dismissed.  RCFC 12(h)(3).

### III.    Conclusion

For the above reasons, Plaintiffs' motions for IFP status are **GRANTED**, their pending document submissions are **REJECTED** as non-compliant with RCFC App'x E, ¶ 9(b)(ii)(B), their Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction, and their motion to expedite is **DENIED** as moot.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge